STATE OF NEBRASKA, APPELLEE, V. ROBERT STARR, APPELLANT.

182 N. W. 2d 910

Filed January 22, 1971. No. 37630.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant, following a plea of guilty, was convicted of burglary. On appeal, the only assignment of error presented is that the record fails to show the plea of guilty was entered "voluntarily, understandingly, intelligently, and with full knowledge of the rights he was waiving." We affirm the judgment of the district court.

Defendant, a man 42 years of age, with 4 previous felony convictions, was represented by competent counsel, apparently of his own choosing. The information was read to him and the offense of burglary explained. He stated he understood. He was informed that in pleading guilty he was waiving his right to trial, both by jury and by the court, and the requirement that he be found guilty beyond a reasonable doubt. He stated he understood. The right to be represented at a trial by counsel, to cross-examine witnesses, to have the advantage of a presumption of innocence, and the nature and extent of the penalties provided by law for burglary were explained. Again he stated he understood. He affirmed he had discussed the matter with his attorney and that they arrived at the mutual conclusion it was advisable to plead guilty. He further affirmed that no promises or threats had been made to induce a plea of guilty. He specifically admitted he had committed the offense with which he was charged and that his plea was voluntary. In defendant's presence, the deputy county attorney stated defendant had been extremely cooperative and shown a willingness to help secure a return of the property taken. Sentence was deferred for 21 days pending a presentence report at which time defendant again appeared with counsel. No desire to withdraw the plea previously entered was evidenced and sentence was pronounced.

Defendant relies upon the case of Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. Previous decisions of the United States Supreme Court had established that to be valid, a plea of guilty must be

made intelligently and voluntarily. This case simply adds the requirement that the *record disclose* the plea was so made. It is pointed out that a plea of guilty is a waiver of many constitutional rights and that such a waiver will not be presumed from a silent record. The court stated: "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. * * * Second, is the right to trial by jury. * * * Third, is the right to confront one's accusers. * * * We cannot presume a waiver of these three important federal rights from a silent record." The United States Supreme Court does not require a direct waiver of each and every constitutional right involved but only requires that the plea of guilty waiving such rights be shown by the record to have been voluntarily and intelligently entered. See Brady v. United States, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747.

The record before us discloses compliance with the rule laid down in Boykin and earlier cases. It also discloses compliance with the standards relating to pleas of guilty adopted by the American Bar Association. The trial court ascertained there had been no plea bargaining, that defendant's plea was entered voluntarily, that he actually committed the offense, that he understood the charge, and that he was aware he was waiving his right to trial by jury. The trial court informed him of the maximum and minimum sentence provided by law. Regarding a voluntary and intelligent entry of plea by defendant, it may be pointed out that he was a mature man with four previous convictions and was not a stranger to the sentencing process or unaware of his fundamental rights. In addition, his waiver of a right to a jury trial and to confront witnesses was called to his attention, as was also the nature of the offense charged and the penalty. He expressly admitted com-

mission of the burglary and conceded that he entered his plea of guilty free of promises or threats, on advice of counsel, and of his own volition.

Our attention has been called to the fact that defendant's appeal may be subject to dismissal for failure to file a motion for a new trial in the district court. In view of the foregoing, we find it unnecessary to consider this phase of the case.

The judgment of the district court is affirmed.

AFFIRMED.